UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AMINUL HOQUE AHMED, :
:
                          Plaintiff, : **MEMORANDUM & ORDER**
: 15-CV-5960 (DLI)(SMG)
                   -against- :
:
HECTOR F. GIRALDO and NISSAN INFINITI LT, :
:
                         Defendants. :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

        On October 16, 2015, defendant Nissan Infiniti LT ("NILT," and collectively with co-defendant Hector F. Giraldo ("Giraldo"), "Defendants") filed a notice to remove this action from the Supreme Court of the State of New York, Kings County to this Court. (Notice of Removal, Dkt. Entry No. 1.) For the reasons set forth below, this matter is remanded to state court, *sua sponte*.

## BACKGROUND

        On June 24, 2015, Plaintiff Aminul Hoque Ahmed ("Plaintiff") commenced a state court action against Defendant sounding in negligence that arose out of a motor vehicle accident. (Complaint ("Compl.") at ¶¶ 21, 24, Dkt. Entry No. 1.) According to the Notice of Removal, Plaintiff commenced the action by filing a summons and verified complaint to which NILT responded with a verified answer. (Notice of Removal, ¶ 2.) Also according to the Notice of Removal, Giraldo did not serve an answer to the complaint and was presumed to be proceeding *pro se* at the commencement of this action.[1] (*Id.* at ¶ 3.) The Notice of Removal is silent as to whether Plaintiff ever served the summons and verified complaint on Giraldo. (*See generally*

---

[1] However, as will be discussed below, Giraldo, through his attorney, did file an answer to the complaint in state court on October 16, 2015, the day this case was removed to this Court.

*Id.*)  The Notice of Removal also is silent as to whether Giraldo consented to the removal of this case to this Court prior to its being removed.  (*Id.*)

The Complaint states that Plaintiff filed the summons and verified complaint with "the Secretary of State, of the State of New York . . . pursuant to Section 253 [of the Vehicle and Traffic Law]" to effectuate service on NILT.  (*Id.*)  However, there is no evidence of service of process on Giraldo by Plaintiff other than his address is listed on the verified complaint.  (*See generally Id.*)  Nonetheless, NILT attached an affidavit of service by mail to its verified answer indicating that NILT had served it on Giraldo on September 28, 2015.  (Affidavit of Service by Mail, Dkt. Entry No. 1, at p. 26[2].)  Furthermore, it is apparent from the email correspondence between counsel for NILT and counsel for Giraldo that Giraldo was in receipt of the verified complaint as he answered the state court complaint on October 16, 2015.  (Response to Order to Show Cause, Exhibit C, Dkt. Entry No. 8-3.)

NILT asserts federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332 contending removal is proper under 28 U.S.C. §§ 1441 and 1446.  (Notice of Removal at ¶ 4.)  To satisfy the complete diversity requirement, NILT alleges that Plaintiff is a citizen of New York, Giraldo is a citizen of New Jersey, and NILT is a corporation with its principal place of business in California.  (*Id.* at ¶¶ 4, 5.)  Plaintiff did not specify a damages amount in the complaint, but, on October 12, 2015, Plaintiff sent an email to NILT, in response to NILT's Demand for *Ad Damnum*, stating he seeks $250,000.00 in damages.  (Demand Pursuant to CPLR § 3017(c), Dkt. Entry No. 1, at p. 21.)

---

[2] The page references to the Notice of Removal and its attached Exhibits are to the pages as numbered by the ECF system since NILT did not paginate the document nor did it file each exhibit separately as it should have.  Indeed, there is little logic in how the Exhibits were thrown together as emails are included in the midst of NILT's verified answer.

On November 2, 2015, this Court issued an Order to Show Cause why this matter should not be remanded to state court for NILT's failure to comply with 28 U.S.C. § 1446(b)(2)(A) since NILT did not obtain the consent of Giraldo to removal prior to filing its Notice of Removal. (*See generally* Notice of Removal). On November 3, 2015, after removal to this Court and only after the issuance of the Order to Show Cause did NILT obtain Giraldo's consent for removal by email. (Response to Order to Show Cause at ¶ 9, Exhibit D, Dkt. Entry Nos. 8 and 8-4.) However, Giraldo did not file this consent directly with the Court. Plaintiffs have not filed a motion for remand.

## DISCUSSION

As a threshold issue, the Court must determine whether it is permissible for a federal district court to remand a case to a state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district lacks subject matter jurisdiction, the case shall be remanded. *Id*.

The Second Circuit has construed this statute as authorizing district courts to remand *sua sponte* under two circumstances: (1) within 30 days of the filing of the notice of removal, if the district court remands the case on procedural grounds; and (2) at any time, if the district court finds that it does not possess subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006). In the case at bar, the Court finds that remand is proper on procedural grounds.

## I. Removal Violates the Rule of Unanimity

Section 1446(b) requires defendants to file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

3

forth the claim for relief upon which such action or proceeding is based." This statute also provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

In the first instance, removal jurisdiction must be strictly construed, "'both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns.'" *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324 (E.D.N.Y. 1998) (quoting *In re NASDAQ Market Makers Antitrust Litigation*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996)). Any doubts must be resolved against removability due to the respect accorded the limited jurisdiction of the federal courts and the rights of states. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). Therefore, courts within the Second Circuit have imposed upon the removing party the burden of proving it has met the requirements for removal. *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp.2d 659, 666 (E.D.N.Y. 2012); *see also BCAT REO LLC v. Gordon*, 2015 WL 5664421, at *2 (E.D.N.Y. Sept. 24, 2015); *Codapro Corp.*, 997 F. Supp. at 325; *Avon Products, Inc. v. The A/J Partnership*, 1990 WL 422416, at *1 (S.D.N.Y. March 1, 1990).

The removal statute does not contain any exceptions suggesting that a district court has discretion to excuse prescribed procedures. *Codapro Corp.*, 997 F. Supp. at 325 (citations omitted). For cases in which federal jurisdiction is based solely on diversity, "'there is widespread agreement among the district courts, including those in the Second Circuit, that all named [defendants] must join in the removal petition for removal to be proper.'" *Id.* (quoting *Town of Moreau, et al. v. The New York State Dep't of Environmental Conservation, et al.*, 1997 WL 243258, at *2 (N.D.N.Y. May 5, 1997)).

This rule of unanimity requires that all named defendants in a proceeding file with the court some form of unambiguous written evidence of consent to removal in a timely manner. *Id*. Mandating written consent to remove "is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand." *Id*. at 326 (internal quotation marks omitted).

In opposing remand, NILT contends that is assumed Giraldo was proceeding *pro se* and had been unable to ascertain whether Giraldo was represented prior to removing the action to federal court. NILT's feeble attempt to demonstrate due diligence in ascertaining the identity of Giraldo's counsel, and, consequently, obtaining Giraldo's consent to removal is unavailing.

NILT's claim that it could not obtain Giraldo's consent for removal because it could not ascertain whether Giraldo was represented by counsel and, if so, counsel's identity is not credible or persuasive. This assertion is not credible because NILT is the lessor and Giraldo is the lessee of the vehicle in question. The relevant lease records were available to NILT and would have provided it with Giraldo's contact information, including, presumably, telephone number(s) and employment information, such that it could have obtained Giraldo's consent directly, even if he were proceeding *pro se*. Moreover, had NILT used the lease records at its disposal, it could have contacted Giraldo directly and been able to ascertain the identity of his attorney. Giraldo's address was contained in the verified complaint.

In addition, NILT made no effort to review the state court records as to whether an attorney entered the case on behalf of Giraldo, but rather relied upon communications with Plaintiff's counsel. If NILT had checked the state court records prior to removing the case, it

would have discovered that Giraldo interposed an answer to the complaint on the same date that the Notice of Removal was filed.[3]

NILT further claims that it did not receive a copy of Giraldo's answer until Plaintiff's counsel contacted it on October 27, 2015 with the contact information for Giraldo's counsel. (Response to Order to Show Cause at ¶ 8.) However, even from NILT's own response to the Order to Show Cause, it appears that Giraldo's counsel served a copy of the answer on NILT at the same address on file with the New York State Department used by Plaintiff to serve its complaint on NILT, which NILT clearly received. Nonetheless, even after NILT purportedly learned Giraldo's counsel's contact information and communicated with him, it was not until this Court issued an Order to Show Cause that he obtained Giraldo's consent to removal. These actions belie NILT's claims of due diligence in its attempt to obtain Giraldo's consent.

Under the facts and circumstances here, the Court safely can conclude that neither Giraldo nor NILT filed unambiguous written proof of consent to removal in a timely manner. (Response to Order to Show Cause at ¶¶ 3-7.) An email correspondence between co-defendant's counsel expressing one party's acquiescence to removal undertaken by another party does not constitute unambiguous written evidence of consent thereto. *Codapro Corp.*, 997 F. Supp. at 326 (citing and quoting *Martin Oil Company v. Philadelphia Life Insurance Company*, 827 F. Supp. 1236, 1239 (N.D.W.Va 1993) ("[I]t is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf")); (*Id*., Exhibit D.)

In *Codapro Corp.*, the Court found that an attorney defendant's failure to obtain and file the unequivocal written consent of all the served defendants compelled remand on procedural

---

[3] Notably, NILT did not ascertain the amount of damages Plaintiff seeks in this action until October 12, 2015. Therefore, NILT had until November 11, 2015 to file a Notice of Removal. This thirty-day period provided NILT with additional time to obtain Giraldo's consent to removal.

grounds. *Codapro Corp.*, 997 F. Supp. at 326. There, defense counsel annexed as supporting exhibits to his affidavit letters from various individual defendants purporting to consent to removal. *Id*. Unmoved by these letters, the *Codapro* court held that, because the defendants' letters were not communicated directly to the Court, they did not constitute valid written consent. *Id*. Similarly, here, it is insufficient that Giraldo's consent to removal was communicated only to NILT's counsel by email and not to the Court. Moreover, Giraldo's consent becomes moot because it was provided after the filing of the Notice of Removal and then only in response to the Court's Order to Show Cause. Because the Court lacks discretion to ignore prescribed procedures under the removal statute, NILT's retroactive procurement of Giraldo's consent cannot cure the error in the removal application. *See Id*. at 325.

## II. NILT's Misrepresentation Regarding Joinder is Troublesome

The Court is disturbed by what can best be described as NILT's categorical misrepresentation regarding when Giraldo was joined in this action. According to the Response to the Order to Show Cause, NILT asserts that it "removed the instant action prior to defendant Giraldo's joinder as a party to the action." (Response to Order to Show Cause at ¶ 10.) Both NILT and Giraldo were named as defendants in the action when Plaintiff filed the summons and verified complaint in state court on June 24, 2015. (*See generally* Compl.) It strains credulity to suggest that Giraldo would not be among the first named defendants in this action as he was the driver of the vehicle that allegedly struck Plaintiff's vehicle. (*Id*. at ¶ 21). The Court is perturbed by NILT's patent misrepresentation in an affidavit filed with the Court that is intended to affect the Court's decision on the matter at hand. Counsel is cautioned to take greater care in his representations to the Court, particularly as to those made under oath.

Accordingly, for the reasons set forth above, the Court properly may remand this case *sua sponte* on procedural grounds because less than thirty days have passed since NILT filed the Notice of Removal. *Mitskovski*, 435 F.3d at 131.

## CONCLUSION

This case is remanded to the Supreme Court of the State of New York, Kings County under Index No. 7982/2015 due to procedural defects in NILT's removal.

SO ORDERED.

Dated: Brooklyn, New York
November 13, 2015

/s/
DORA L. IRIZARRY
United States District Judge